In the Matter of VINCENT J. GALLO, Respondent, against STEPHEN P. KENNEDY, as Police Commissioner of the City of New York, et al., Appellants.

First Department, November 6, 1957.

506

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel*), for appellants.

*Samuel Resnicoff* for respondent.

*Per Curiam.* The police commissioner of the City of New York discontinued petitioner's services as probationary patrolman effective March 6, 1953. The action of the police commissioner was taken on the ground that the Civil Service Commission had marked petitioner not qualified on the eligible list from which he had been appointed as probationary patrolman on October 1, 1952, subject to investigation of his medical qualifications. The basis of the action of the Civil Service Commission was an examination of reports of the Navy Department concerning the petitioner, dated October 26, 1944, which indicated a history of nervous disorder. On January 15, 1953, petitioner was notified to appear before the Civil Service Commission to show cause why his name should not be removed from the eligible list. The said hearing was had January 21, 1953, and the petitioner then testified before the Civil Service Commission in regard to the medical report of the Navy Department.

On May 6, 1953, the petitioner made application to the Board for Correction of Naval Records, Department of the Navy, to expunge the statements made in 1944 on his medical record. On March 21, 1955, the board conducted a hearing and by letter dated May 9, 1955, petitioner was advised that the Secretary of the Navy approved the recommendation of the board that a new discharge certificate was to be issued. The effect of this approval was to delete and remove from petitioner's record all reference to any history of nervous disorder. On August 16, 1955 (after the expiration of the eligible list from which petitioner received his original appointment), petitioner made a demand for hearing and reinstatement to the Civil Service Commission. The commission denied the request on October 20, 1955. This proceeding was commenced December 8, 1955.

The termination by the appellants of petitioner's services was an affirmative act involving an exercise of judgment and discretion within the meaning of subdivision 2 of section 1284 of the Civil Practice Act. Even were it improper, it constituted a final determination and the theory of a continuing wrong is

not applicable. The petitioner's right to review was limited to a four-month period following the effective date of his discharge. (Civ. Prac. Act, § 1286; *Matter of Alliano* v. *Adams,* 2 A D 2d 532.) Accordingly, the order of Special Term should be reversed and the petition dismissed.

BOTEIN, J. P., RABIN, FRANK, McNALLY and BASTOW, JJ., concur.

Order unanimously reversed on the law and the petition dismissed.